# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James Bernis Midkiff,                )<br>                                                 )<br>                      Petitioner,   )<br>                                                 )<br>v.                                             )<br>                                                 )<br>Warden, FCI-Edgefield,         )<br>                                                 )<br>                      Respondent. )<br>_____) | C/A No. 8:19-cv-2656-TMC<br><br>**ORDER** |

This matter is before the court on Respondent's motion for summary judgment (ECF No. 17) as to *pro se* Petitioner James Bernis Midkiff's ("Midkiff") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. The magistrate judge filed a Report and Recommendation ("Report") recommending that this court grant Respondent's motion for summary judgment and deny Midkiff's § 2241 petition. (ECF No. 23 at 10). Midkiff subsequently filed objections to the Report. (ECF No. 25). The matter is ripe for review.

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."

1

*Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Midkiff filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### I. Background/Procedural History

Because the Report summarizes the procedural history and background, (ECF No. 23 at 2–4), the court need not recount it at length. Briefly, Midkiff was convicted by a jury in the United States District Court for the Western District of Louisiana on multiple charges, including conspiracy to distribute methamphetamine (Count 1); three counts of attempting to manufacture methamphetamine (Counts 2, 6, and 10); two counts of possessing of a firearm in furtherance of a drug trafficking crime, including the conspiracy alleged in Count 1, in violation of 18 U.S.C. § 924(c) (Counts 3 and 8); and two counts of possessing of a firearm while a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts 4 and 9). (ECF Nos. 1 at 1; 23 at 2); *see also Midkiff v. Warden, FCI-Edgefield* (*Midkiff I*), No. 8:19-CV-0077-TMC, 2019 WL 4894234, at *1 (D.S.C. Oct. 4, 2019).

On October 4, 2007, Midkiff was sentenced as follows: 168 months as to the drug-related counts and 120 months as to the § 922(g)(1) counts, to be served concurrently. (ECF No. 23 at 2–3); *Midkiff I*, 2019 WL 4894234, at *1. The sentencing court also imposed a term of imprisonment

2

of 60 months as to count 3 alleging possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c), to run consecutively to the other counts. (ECF No. 23 at 3); *Midkiff I*, 2019 WL 4894234, at *1. Finally, the court imposed a term of imprisonment of 300 months as to count 8—the second § 924(c) count—also to run consecutively to the other terms of imprisonment. (ECF Nos. 1-1 at 2; 23 at 3); *Midkiff I*, 2019 WL 4894234, at *1–2. Midkiff received a total term of imprisonment of 528 months, which the sentencing court subsequently reduced to 495 months pursuant to 18 U.S.C. § 3582. *See Midkiff I*, 2019 WL 4894234, at *1.[1] The United States Court of Appeals for the Fifth Circuit affirmed Midkiff's conviction and found no error in his sentence. *See United States v. Jackson*, 596 F.3d 236, 243–45 (5th Cir. 2010). The United States Supreme Court subsequently declined to issue a writ of certiorari. *Midkiff v. United States*, 559 U.S. 1082 (2010).

In February 2011, Midkiff filed a motion for relief under 28 U.S.C. § 2255, raising various grounds including ineffective assistance of trial counsel, denial of due process, inappropriate sentencing, and ineffective assistance of appellate counsel. *See Midkiff I*, 2019 WL 4894234, at *2. Midkiff's § 2255 motion was denied on July 26, 2011. *United States v. Midkiff*, No. 1:05-cr-10022-01, 2011 WL 3328525 (W.D. La. June 15, 2011), *adopted by* 2011 WL 3328506 (W.D. La. July 26, 2011).

Midkiff subsequently filed a motion with the Fifth Circuit Court of Appeals for permission to file a second or successive § 2255 petition to raise a challenge as to his § 924(c) convictions. *Midkiff I*, 2019 WL 4894234, at *2. On December 7, 2018, the Fifth Circuit denied Midkiff's

---

[1] The sentencing court reduced the 168-month term of imprisonment as to Counts 1, 2, 6, 7, and 10 to 135 months, but left the 60-month term of imprisonment as to Count 3 and the 300-month term of imprisonment as to Count 8 unchanged. *See Midkiff I*, 2019 WL 4894234, at *2.

request to file a second or successive petition. *United States v. Riggins*, 524 Fed. App'x 123, *7 (5th Cir. 2013).

In January 2019, Midkiff filed his first § 2241 petition in this court, seeking to challenge his § 924(c) conviction on Count 8 of the superseding indictment and the resulting 300-month sentence. *See Midkiff I*, 2019 WL 4894234, at *1. The court concluded that Midkiff failed to meet the requirements of the savings clause set forth in 28 U.S.C. § 2255(e) and dismissed the petition for lack of jurisdiction. *See id.* at *5.

On July 20, 2019, Midkiff again filed a motion seeking permission from the Fifth Circuit Court of Appeals to file a second or successive 2255 petition. (ECF No. 1 at 4). Midkiff sought to challenge his § 922(g) conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019); the Fifth Circuit, however, denied his motion. *Id*.

### Midkiff's Present § 2241 Action

Midkiff now seeks habeas corpus relief from his § 922(g) conviction under § 2241. *Id.* at 6. Midkiff's argument, in its entirety, is as follows:

> The prosecution failed to prove beyond a reasonable doubt all the elements of 922(g) as held by the Supreme Court's ruling in *Rehaif v. U.S.* . . . The petitioner was charged with 922(g) and went to trial. The jury convicted petitioner. At the time of petitioner's trial the prosecution did not have to prove that petitioner knew he was a prohibited person under 922(g). Petitioner in fact did not have such knowledge and is innocent of the 922(g) charges.

*Id*. Accordingly, Midkiff contends that his felon-in-possession conviction must be vacated. *Id.* at 7.

Respondent filed a motion for summary judgment arguing that the omission of the "knowledge-of-status" element as required by *Rehaif* "had no substantial or injurious effect on the outcome of Midkiff's case" and amounted to harmless error. (ECF No. 17-1 at 11–13). In

4

response, Midkiff argued that the *Rehaif* error was not harmless because there was no proof that he knew the legal "significance" of his "decades-old" felony convictions. (ECF No. 20 at 3–4). Midkiff did not claim to have been unaware that he had been previously convicted of a felony at the time he possessed the firearms; rather, he claimed that he believed he could lawfully possess firearms under Louisiana law because it is a "gun-rights restoration state." *Id*. at 4. Therefore, Midkiff takes the position that following *Rehaif*, the conduct of which he was convicted is no longer criminal under § 922(g). *Id*.

The magistrate judge rejected Midkiff's reading of *Rehaif*, explaining that *Rehaif* does not require the government "to prove that a defendant knew that he could not possess a firearm; instead, the Government only must prove a defendant knew his status and knowingly possessed a firearm." (ECF No. 23 at 9) (internal quotation marks omitted). Noting that the government presented evidence at trial reflecting Midkiff's awareness of his status as a felon and that Midkiff did not challenge the assertion that the jury would have found that he was aware of his status had it been properly charged, the magistrate judge concluded that Midkiff was unable to prove that the failure to charge the knowledge-of-status element as required by *Rehaif* had a substantial and injurious effect and amounted to a harmless error. *Id.* at 8–10. Accordingly, the magistrate judge recommended that the court grant Respondent's motion for summary judgment and deny Midkiff's § 2241 petition. *Id*. at 10. Midkiff filed objections to the Report (ECF No. 25) which are addressed below.

## Discussion

### A. Savings Clause Standards

Midkiff cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, which requires him to demonstrate that the relief available under

§ 2255 is inadequate or ineffective. *See* 28 U.S.C. § 2255(e). However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a § 2255 motion." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (internal quotation marks omitted). Rather, to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *see United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (establishing a four-part test for determining whether § 2255 is "inadequate or ineffective" to challenge *sentencing* errors).

Significantly, the savings clause is a "jurisdictional provision." *Wheeler*, 886 F.3d at 423. Thus, if a petitioner cannot meet one of the *Jones* or *Wheeler* requirements, then the § 2241 petition "must be dismissed for lack of jurisdiction." *Rice*, 617 F.3d at 807. In this case, Respondent "conceded" that Midkiff can satisfy the requirements of the savings clause and that the court is therefore required to entertain the merits of Midkiff's § 2241 petition. (ECF No. 17-1 at 8–9). A federal court, however, cannot exercise subject matter jurisdiction based merely on the legal positions taken by the parties before it. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that because "no action of the parties can confer subject-matter jurisdiction upon a federal court . . . the consent of the parties is irrelevant"). A district

court has an independent duty to ensure that jurisdiction is proper and to dismiss a case whenever it appears that subject matter jurisdiction is lacking. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). The magistrate judge acknowledged Respondent's concession that Midkiff satisfied the savings clause requirements as articulated in *Jones* and then addressed Midkiff's claim on the merits. (ECF No. 23 at 9 n.5). As noted above, however, the government's position as to whether a § 2241 petitioner has satisfied the savings clause "is irrelevant to [a court's] resolution" of that issue. *Rice*, 617 F.3d at 806–07. Accordingly, the court considers whether Midkiff has satisfied the requirements set for in *Jones*.

There is one additional twist in the savings clause analysis applicable to Midkiff's claims. "In evaluating substantive claims under the savings clause," a district court must "look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). The applicable "procedural law," however, is that of the district court's home circuit. *Id.* Therefore, while the court must apply the *In re Jones* procedural standard, it must do so using Fifth Circuit substantive law because Midkiff was convicted in the United States District Court for the Western District of Louisiana, which sits in the Fifth Judicial Circuit of the United States. *See* 28 U.S.C. § 41.

**B. Analysis**

In order to satisfy the savings clause, Midkiff must establish that, "subsequent to the . . . direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 333–34. Midkiff argues that after the Supreme Court's *Rehaif* decision, he is innocent of the § 922(g) charges because he did not know he was prohibited from possessing a firearm based on his status as a

7

felon, *i.e.*, that he did not know it was unlawful for him to possess a firearm. (ECF Nos. 1 at 6; 25 at 2–4).

Having assumed Midkiff met the requirements of the savings clause, the magistrate judge reviewed to determine whether the *Rehaif* error was prejudicial. (ECF No. 23 at 7–10). After the magistrate judge issued the Report, the Fourth Circuit Court of Appeals determined that *Rehaif* errors are structural errors and, therefore, are not amenable to any review for prejudice or harmless error. *See United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). By contrast, the Fifth Circuit Court of Appeals, whose substantive precedents apply here, concluded that "defendants must show that any error under *Rehaif* actually prejudiced the outcome." *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020); *see also United States v. Hicks*, 958 F.3d 399 (5th Cir. 2020). The magistrate judge concluded that the failure to charge the knowledge-of-status element, as that element was clarified in *Rehaif*, did not have a substantial and injurious effect on the verdict. (ECF No. 23 at 8–10). Specifically, the magistrate judge found that the government introduced an audio recording of an interview during which Midkiff "confirmed his criminal history" including "a federal conviction for a burglary of a post office" that "resulted in a sentence of three (3) years confinement." *Id*. at 12.

In his objections to the Report, Midkiff does not dispute that the government presented evidence that he was aware that he was a convicted felon; instead, Midkiff argues that this evidence was insufficient to establish a violation of 922(g) because it did not show he knew he could not lawfully possess a firearm. (ECF No. 25 at 2, 4). The Fifth Circuit Court of Appeals, however, explained that *Rehaif* requires the government to prove that Midkiff knew that he was a convicted felon, not that he knew it was against the law for him to have a firearm. *See Lavalais*, 960 F.3d at 184 ("The Supreme Court recently construed these provisions to require, for the first time, that the

8

prosecutor prove not only that the felon knows he is possessing a firearm—but that the felon also *knows he is a convicted felon*." (emphasis added)). Although Midkiff states in his objections that he "did not think he was a 'felon,'" he defines "felon" as "someone who is prohibited from firearm possession." (ECF No. 25 at 3). This is consistent with the primary thrust of his argument that he was not guilty of violating 922(g) because he was unaware that it was illegal for him to possess a firearm.[2]

Accordingly, the court concludes that Midkiff has failed to show that, following *Rehaif*, the conduct of which he was convicted is no longer criminal under § 922(g). Thus, Midkiff was unable to satisfy second prong of *Jones* and has not established that § 2255 is inadequate and ineffective to test the legality of his convictions. *See* 226 F.3d at 334. As a result, this court is without jurisdiction to consider Midkiff's § 2241 petition.

## Conclusion

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's findings and *Rehaif* analysis; however, having concluded that it lacks subject matter jurisdiction, the court **DISMISSES** Midkiff's § 2241 petition (ECF No. 1) without prejudice. Midkiff's objections are **OVERRULED**. (ECF No. 25). Respondent's motion for summary judgment is **DENIED as MOOT**. (ECF No. 17).

---

[2] Midkiff also claims that "[a] person who has been granted a pardon or [has had] his gun rights reinstated does not consider himself a 'felon' . . . prohibited from possessing a gun." *Id*. First, Midkiff has not shown that this general assertion applies to him specifically. Second, to the extent Midkiff is arguing that that he was *unaware that he was a convicted felon*, he is raising this argument for the first time and the court need not consider it. *See Mason v. Warden, Graham Correctional Institution*, Civ. A. No. 5:15-cv-04963-RBH, 2017 WL 1044848, at *6 (D.S.C. March 20, 2017) (explaining "the [c]ourt need not consider a claim raised for the first time in a habeas petitioner's objections"); *Clark v. Thompson*, Civ. A. No. 0:12-cv-02669-RBH, 2014 WL 1234347, at *2 (D.S.C. March 25, 2014) (noting petitioner's new argument raised for the first time in his objections "must be overruled as untimely and thus improper").

9

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 6, 2020